IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
   *Plaintiff*,

v().

ROBIN SUMMERS-GRACE,
   *Defendant/Petitioner.*

Criminal No. ELH-16-0594

**MEMORANDUM**

Defendant/Petitioner Robin Summers-Grace has filed several motions. On August 7, 2019, Petitioner filed a motion requesting a reduction of sentence pursuant to 18 U.S.C. § 3582(c). ECF 97. Then, on November 7, 2019, she filed a "Status Motion For Credit Toward Sentence for Home Detention During Pretrial Pursuant [to] 3582." ECF 99. By Order of November 12, 2019, I asked the government to respond by December 13, 2019. ECF 100. On that date, the government sought an extension (ECF 101), which I granted, through December 20, 2019. ECF 102.

On December 19, 2019, Petitioner filed a "Motion For Default Against Government, Motion For Ruling In Favor Of Petitioner, And Motion For Immediate Release." ECF 103. The government's response in opposition was docketed on December 20, 2019, at ECF 104, and is supported by an exhibited docketed at ECF 105. Summers-Grace has not replied, and the time to do so has expired. However, she has inquired about the status of her "outstanding motions . . . ." ECF 106.

No hearing is necessary to resolve the motions. For the reasons that follow, I shall deny the motions.

## I. Background

Summers-Grace was charged in a three-count Indictment (ECF 1) with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1359 (Count One); bank fraud, in violation of 18 U.S.C. § 1344 (Count Two); and aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(a)(1), (d)(5). Pursuant to a Plea Agreement (ECF 36), Summers-Grace entered a plea of guilty on May 22, 2017 (ECF 35) as to Counts One, Two, and Three.

The Plea Agreement included a Stipulation of Facts. ECF 36 at 8-9. There, defendant agreed that she and her codefendant conspired to defraud banks and retailers "by opening up fraudulent lines of credit in the names of other individuals." *Id.* at 8. In the course of the scheme, the defendants used the identities of over 200 "real individuals," defrauded "dozens of banks," and defrauded numerous retailers. *Id.* The loss exceeded $200,000. *Id.*

Sentencing was held on December 14, 2017. ECF 72. Pursuant to the Sentencing Guidelines ("Guidelines"), Counts One and Two had a combined final offense level of 18. And, defendant had a criminal history category of VI. For Counts One and Two, her advisory sentencing Guidelines called for a period of incarceration ranging from 57 to 71 months. ECF 76 (Statement of Reasons); ECF 77 (Amended Presentence Report), ¶¶ 33, 50, 88. And, Count Three required a mandatory sentence of 24 months, consecutive. Thus, the Guidelines called for a total period of incarceration ranging from 81 months to 95 months.

Petitioner was sentenced to a total term of 42 months' imprisonment. In particular, she received concurrent sentences of 18 months' incarceration for Counts One and Two, and the mandatory term of 24 months, consecutive, as to Count Three. *See* ECF 75 (Judgment).

## II.  Discussion

Petitioner contends that she is entitled to credit against her sentence for the time that she spent on home detention before she was sentenced on December 14, 2017. She asserts: "Home incarceration requires 24 hours a day lock down except for medical necessities and court appearances or other activities specifically approved by the Court which is similar to prison incarceration." ECF 99 at 1.

The government advances four arguments to support its opposition. I discuss each, in turn.

### A.

"Ordinarily, a sentence of imprisonment is final and may not be modified once it has been imposed, except in narrow circumstances." *United States v. Jackson*, ___ F. 3d ___, 2020 WL 1140939, at *1 (4th Cir. Mar. 10, 2020); *see* 18 U.S.C. § 3582(c). Under 18 U.S.C. § 3582(c)(1)(B), a district court "may not modify a term of imprisonment once it has been imposed except that — (1) in any case — . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." In addition, a modification is permitted for a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Neither basis applies here.

Petitioner appears to argue that Section 504 of the First Step Act provides the statutory mechanism for relief by way of § 3582(c)(1)(B). ECF 97 at 2. According to Petitioner, Section 504 expanded the definition of imprisonment to include home confinement as a means to satisfy a term of imprisonment. *Id.* Petitioner is wrong.

The First Step Act does not address pretrial home confinement. Therefore, her motions are not cognizable under 18 U.S.C. § 3582(c)(1)(B).

**B.**

Any claim of error with regard to the execution of the sentence, as opposed to a sentence's validity, must be filed under 28 U.S.C. § 2241 in the Petitioner's district of confinement. *United States v. Little*, 392 F.3d 671, 679–80 (4th Cir. 2004); 28 U.S.C. § 2241(a) (stating that a "request for sentencing credit is properly brought under § 2241," even if the basis for the challenge is a constitutional one); *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) ("In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.").

To the extent Petitioner challenges the calculation of her sentence, her motion is properly brought under 28 U.S.C. § 2241. Because Petitioner is currently incarcerated in West Virginia, this Court lacks jurisdiction as to such a claim. *See United States v. Poole*, 531 F.3d 263, 270-71, 274-75 (4th Cir. 2008) (holding that a district court lacks jurisdiction to address a § 2241 petition that is not brought in the district of the petitioner's immediate custodian).

**C.**

As the government observes, ECF 104 at 4: "It is the province of the Attorney General, acting through the Bureau of Prisons ('BOP'), to give a defendant credit for the time spent in federal custody prior to sentencing" (citing 18 U.S.C. § 3583(b); *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *Harris v. United States*, 3:12-cv-850-RJC, 2015 WL 8366822, at *4 (W.D.N.C. 2015)). Therefore, Petitioner must exhaust administrative remedies prior to seeking judicial review of time credit calculations. *See Wilson*, 503 U.S. at 335; *see also United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989) (explaining that a habeas petitioner's suit is not ripe until administrative remedies have been exhausted).

The exhaustion doctrine promotes a number of goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996).

The government has demonstrated that, as of December 11, 2019, there was no record of any administrative request by Petitioner for credit for prior custody. *See* ECF 105 (Declaration of Howard Williams, BOP Legal Assistant, with Attached Inmate and Administrative History). Accordingly, because Petitioner has not exhausted her administrative remedies by presenting her claim to the BOP prior to filing the instant motion, her claims are not ripe for review. *See Carswell v. O'Brien*, 7:09-cv-00160, 2009 WL 5178372, at *1 (W.D. Va. 2009) (dismissing § 2241 petition raising time-credit claim for failure to exhaust administrative remedies).

**D.**

Even if this Court could consider the merits of Petitioner's motion, her claim lacks merit. Under 18 U.S.C. § 3583(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences." (Emphasis added). In *Reno v. Koray*, 515 U.S. 50, 57, 63 (1995), the Supreme Court concluded that "a defendant suffers 'detention' only when committed to the custody of the Attorney General," and a defendant who is released on bail, even if subject to restrictive conditions, is not detained.

In *Reno* the defendant had been committed to a community treatment center and was only allowed to leave if granted authorization. *Id.* at 52–53. The Court stated, *id.* at 59: "It would be anomalous to interpret § 3585(b) to require sentence credit for time spent confined in a community

5

treatment center where the defendant is not subject to BOP's control, since Congress generally views such a restriction on liberty" not as a sentence of imprisonment, but rather as a term of probation or supervised release. Moreover, the Court determined that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' and who were subject to BOP's control." *Id.* at 58 (internal citation omitted).

Thus, under *Reno*, regardless of the severity or degree of pretrial restrictions, a defendant is not entitled to any credit against a sentence if such release was a condition of bond, or part of the basis of release on one's own recognizance, or set as a condition of parole, probation, or supervised release. *Reno*, 515 U.S. at 56 (adopting the government's interpretation of § 3585(b)). *See also United States v. Stubbs*, 153 F.3d 724, at *1 n.1 (4th Cir. 1998) (per curiam).

As the government notes, ECF 104 at 7, the time Petitioner spent in home detention with location monitoring "was not pursuant to any detention order or final sentence." Rather, it was a condition of her pre-trial release on personal recognizance. ECF 18 (Order Setting Conditions of Release). In accordance with *Reno*, that time may not be credited to Petitioner's federal sentence of imprisonment, as it was not time in "official detention." *See United States v. Piper*, 525 F. App'x 205, 209-10 (3d Cir. 2013) (holding "home detention as a condition of bail cannot be credited as time served"); *United States v. Anderson*, 517 F. App'x 773, 776 (11th Cir. 2013) (same); *Patel v. Warden, Satellite Prison Camp, Edgefield*, 16-cv-1819-JMC, 2017 WL 781069 (D.S.C. Mar. 1, 2017) (concluding that home confinement imposed as a condition of bail is not "official detention" under § 3585(b); therefore, it does not warrant credit for time served); *see also Randall v. Whelan*, 938 F.2d 522, 525 (4th Cir. 1991) (denying credit for time spent in drug rehabilitation center and recognizing the presumption that "'custody' refers to the legal authority

of the custodian rather than to actual housing conditions"); *United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) (rejecting claim that defendant should have received time credit for time she spent while on appeal bond, which included electronic monitoring)..

Accordingly, because Petitioner's time on home detention and location monitoring was not "official detention" in the custody of the BOP, she is not entitled to credit for that time towards her current term of federal imprisonment.

### III. Conclusion

For the reasons stated herein, I shall deny ECF 97 and ECF 99. And, because the government responded in accordance with the Court's directives, I shall deny ECF 103.

An Order follows.

Date: March 12, 2020

/s/
Ellen L. Hollander
United States District Judge